IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARIO L. BALLARD,

    Petitioner,

v.                                                                             Civil Action No. 3:10CV524

KEN CUCCINELLI, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Mario L. Ballard, a Virginia state inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Ballard raises two grounds for relief:

| | |
|---|---|
| Claim One | The Supreme Court of Virginia denied Ballard's right to a hearing when it erroneously determined that Ballard's petition for a writ of habeas corpus violated the statute of limitations. |
| Claim Two | The Commonwealth falsely accused Ballard of having a mental disease and therefore the Commonwealth is illegally detaining Ballard. |

Respondent has moved to dismiss on the ground that the petition is barred by the one-year statute of limitations governing federal habeas petitions.[1] Ballard responded with a request for an evidentiary hearing. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On July 21, 1994, Ballard was convicted in the Newport News Circuit Court ("Circuit Court") on one count of rape. Petition for Appeal 1, *Ballard v. Commonwealth*, No. 071845 (Va.

---

[1] Ballard filed his petition against Attorney General Ken Cuccinelli. By motion received on December 6, 2010, Director of the Virginia Center for Behavior Rehabilitation Kimberly H. Runion requested the Court substitute her as Respondent, replacing Cuccinelli. (Docket No. 11.) Because Ballard did not object in his response, the Court will GRANT Runion's request to replace Cuccinelli.

Dec. 14, 2007). On November 30, 2006, prior to Ballard's scheduled release from prison, the Attorney General petitioned the Circuit Court to civilly commit Ballard as a sexually violent predator. (*Id.* at 2.) On April 5, 2007, the Norfolk Circuit Court sentenced Ballard to two years and six months in prison for failure to register as a violent sex offender. (*Id.* at 4.) The Circuit Court conducted a bench trial, after which the Circuit Court determined that Ballard was a sexually violent predator and ordered Ballard to be civilly committed. (*Id.* at 2.) The final order was entered on June 12, 2007. (*Id.*)

Ballard appealed to the Supreme Court of Virginia. In his petition for appeal, Ballard challenged the Circuit Court's determination that Ballard was a sexually violent predator. The Supreme Court of Virginia refused his appeal on December 14, 2007. *Ballard v. Commonwealth*, No. 071845 (Va. Dec. 14, 2007).

Ballard filed a *pro se* petition for a writ of habeas corpus in the Supreme Court of Virginia on April 22, 2009.[2] Ballard raised, *inter alia*, various due process claims and a violation

---

[2] This is the date that the Supreme Court of Virginia stamped Ballard's petition "received" and the date the Supreme Court of Virginia deemed the petition filed. Ballard did not seek to avail himself of Virginia Supreme Court Rule 3A:25, which provides that:

> In actions brought under Code § 8.01-654 [the Virginia habeas provision], filed by an inmate confined to an institution, a paper is timely filed if deposited in the institution's internal mail system, with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined to an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

The envelope in which Ballard mailed his state petition (and presumably on which the postmark existed) was not included in the records transmitted from the Supreme Court of Virginia to this Court. No other provision of Virginia Supreme Court Rule 3A:25 applies.

of the Thirteenth Amendment.[3] The Supreme Court of Virginia dismissed as untimely the petition on June 4, 2009 and refused his petition for rehearing on September 22, 2009. *Ballard v. Director*, No. 090879 (Va. June 4, 2009).

Ballard now petitions this Court for a writ of habeas corpus. He filed his petition on July 26, 2010.[4] (Docket No. 1.) Respondent has raised the relevant statute of limitations as a defense.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that Ballard's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

[4] Respondent states that Ballard filed his federal petition for a writ of habeas corpus on October 13, 2010. This is the date that Ballard returned the standardized forms required by the Court. Because Ballard did not raise new claims on the standardized forms, for purposes of determining the statute of limitations, the Court uses the date of his first filing with this Court. Under either date, however, the statute of limitations is violated.

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Ninety days after Ballard's direct appeal to the Supreme Court of Virginia ended, his judgment became final for purposes of AEDPA. His direct appeal to the Supreme Court of Virginia ended on December 14, 2007, the day the Supreme Court of Virginia ruled on his appeal. Thus, Ballard's conviction became final ninety days later—on Thursday, March 13, 2008—the last date to file a petition for a writ of certiorari with the Supreme Court of the United States.[5] *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Sup. Ct. R. 13.1 (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying

---

[5] In some circumstances, a petitioner challenging a court's determination that he is a sexually violent predator has one year from each subsequent determination. *Martin v. Bartow*, 628 F.3d 871, 876 (7th Cir. 2010). It appears from the face of his federal petition for writ of habeas corpus, however, that Ballard is challenging the Circuit Court's initial determination in 2007 to confine him as a violent sexual predator. (Am. § 2254 Pet. (Docket No. 8), at 1.)

4

discretionary review). Ballard had one year, or until Friday, March 13, 2009, to file any federal habeas challenge to his civil commitment, unless this period was statutorily tolled.[6] 28 U.S.C. § 2244(d)(1)(A).

**B. Statutory Tolling**

The statute of limitations ran for 404 days before Ballard filed his state habeas petition in the Supreme Court of Virginia on April 22, 2009. Because Ballard's state habeas petition was filed after the federal statute of limitations had expired, the pendency of Ballard's state habeas petition did not toll the limitations period. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) ("[A] state post conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled." (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Thus, Ballard's § 2254 petition is time-barred.

**C. Equitable Tolling**

Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[E]quitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct,

---

[6] *See Revels v. Sanders*, 519 F.3d 734, 740 (8th Cir. 2008) (applying AEDPA's statute of limitations to the confinement of the civilly committed).

(3) that prevented him from filing on time.'" *Id.* (*quoting Rouse*, 339 F.3d at 246). Additionally, a petitioner bears the burden of demonstrating that he acted with due diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Ballard's explanation for the timeliness of his petition is as follows: "Petitioner is presently sane. Petitioner upon filing his state habeas was in the physical illegal restraint for only two (2) months before filing it." (Am. § 2254 Pet. (Docket No. 8), at 14 (punctuation corrected).) Ballard explained in his original petition, "Petitioner avers that he is entitled relief on the grounds that he does not have a mental disease and that he filed his state habeas corpus petition on time, i.e. when he was actually in the physical custody of the Hospital." (§ 2254 Pet. (Docket No. 1), at 3 (capitalization corrected).)

Ballard's explanation does not entitle him to equitable tolling. A petitioner's incarceration is a necessary, but not sufficient, circumstance to qualify for habeas relief. A petitioner must also file the petition within AEDPA's one-year requirement. Ballard does not explain why he failed to file his state habeas petition within one year of his conviction becoming final. Accordingly, Ballard is not entitled to equitable tolling.

Because Ballard has not demonstrated any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)–(D), the petition must be denied as untimely.

## III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 11) will be GRANTED. Ballard's motion for an evidentiary hearing (Docket No. 15) will be DENIED. Ballard's petition for relief under 28 U.S.C. § 2254 will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Ballard is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 5-11-11
Richmond, Virginia